# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DOUGLAS BURKE,

      Plaintiff,                                      Case No. 08-10581

v.                                                     Hon. Gerald E. Rosen

RADIANT LOGISTICS GLOBAL
SERVICES, INC.,

      Defendant.
_____/

## OPINION AND ORDER REGARDING DEFENDANT'S
## MOTION TO DISMISS AND PLAINTIFF'S MOTION TO REMAND

        At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on     May 16, 2008

      PRESENT: Honorable Gerald E. Rosen
                         United States District Judge

## I. INTRODUCTION

Plaintiff Douglas Burke commenced this action in Wayne County Circuit Court on January 16, 2008, alleging that Defendant Radiant Logistics Global Services, Inc. is liable for a joint-and-several judgment entered by a Michigan court in favor of Plaintiff and against non-party United American Freight Services, Inc. ("UAF") and two other non-party corporations. In support of this claim of liability, Plaintiff alleges (i) that Defendant is an alter ego of UAF, (ii) that the purportedly separate corporate existence of Defendant and UAF is a sham, such that Defendant should be held liable for the judgment against

UAF by piercing the corporate veil; and (iii) that Defendant should be deemed, through its actions and agreements, to have assumed UAF's liability under the judgment owed to Plaintiff. Defendant removed the case to this Court on February 8, 2008, citing the parties' diverse citizenship and an amount in controversy greatly in excess of $75,000.

In lieu of answering the complaint, Defendant has filed a motion to dismiss, arguing that this suit is barred by a post-judgment order entered by the Michigan court that awarded the judgment in favor of Plaintiff and against UAF. Alternatively, Defendant argues that this case should be stayed pending the resolution of the Michigan lawsuit, in which Plaintiff and Defendant already are litigating issues relating to the enforcement of the judgment against UAF. Plaintiff opposes this motion, and instead argues in a separate motion that this case should be remanded to the Michigan court under the abstention doctrine recognized by the Supreme Court in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S. Ct. 1236 (1976). Thus, the parties are agreed that this case should not go forward in this Court, at least at this time, but they disagree as to how this result should be achieved.

The parties' motions have been fully briefed. Having reviewed the parties' written submissions, the accompanying exhibits, and the record as a whole, the Court finds that the pertinent facts, allegations, and legal issues are sufficiently presented in these materials, and that oral argument is unnecessary to the resolution of the parties' motions. Accordingly, the Court will decide these two motions "on the briefs." See Local Rule 7.1(e)(2), Eastern District of Michigan. This opinion and order sets forth the Court's

rulings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Plaintiff Douglas Burke brought a breach-of-contract suit in Wayne Count Circuit Court against United American Freight Services, Inc. ("UAF") and two other companies, Stonepath Group, Inc. and Stonepath Domestic Logistics Services, Inc. The dispute was referred to arbitration and, in 2007, the arbitrator found in Plaintiff's favor. The arbitrator's award was embodied in an amended judgment entered by the Wayne County Circuit Court on July 13, 2007, through which UAF and the two other corporate defendants were held jointly and severally liable to pay over $1.7 million to Plaintiff.[1]

The involvement of Defendant Radiant Logistics Global Services, Inc. in this state court suit traces back to 2005, when UAF entered into a security agreement with non-party Laurus Master Fund, Ltd. ("Laurus") that encompassed all of UAF's assets and personal property. In February of 2007, Laurus assigned its interest in this security agreement to non-party Mass Financial. Mass Financial then exercised its security interest under this agreement, including its ownership interest in all of UAF's assets, by issuing a notice of default on April 17, 2007. Shortly thereafter, on May 5, 2007, Defendant entered into an agreement with Mass Financial to purchase certain of UAF's assets. This asset sale closed in November of 2007, with Defendant agreeing in the interim to operate the UAF assets on Mass Financial's behalf pursuant to a management

---

[1] In a separate action before Judge Lawson of this District, Case No. 07-11028, Plaintiff has secured an additional $1.625 million judgment in his favor and against the Stonepath entities.

agreement between these parties.

In June and July of 2007, while Defendant was in the process of purchasing the UAF assets, Plaintiff commenced an effort to enforce his $1.7 million state court judgment by issuing writs of garnishment directed at UAF's automotive customers. Because Defendant was servicing these customers pursuant to the management agreement with Mass Financial, it and Mass Financial intervened in the Wayne County suit and objected to the writs of garnishment, arguing that their interests in the UAF assets had priority in light of the perfected security interest held and foreclosed upon by Mass Financial. In order to preserve the status quo while the parties and the court addressed these competing claims to UAF's assets, the Wayne County court entered a stipulated order in which (i) Mass General was directed to obtain a standby nine-month letter of credit in the amount of $2.75 million, which Plaintiff could draw upon in the event that he obtained a "final, non-appealable court order determining his entitlement to all or a portion of the amounts which the Letter of Credit secures," and which could be extended by additional three-month periods if the parties' respective rights and claims had not yet been resolved through such an order; (ii) Plaintiff was ordered to take no further action with respect to the writs of garnishment issued to date; and (iii) Plaintiff was instructed, until the "earlier of final settlement or further Order of the Court," not to "issue, undertake, or continue any garnishment, attachment or other enforcement of the [state court judgment] against the current or former assets of UAF in which [Mass Financial] or [Defendant] claim an interest unless and until the court determines that the security

4

provided by the Letter of Credit is insufficient to protect the interests of [Plaintiff]." (Defendant's Motion to Dismiss, Ex. A, 8/14/2007 Stipulated Order Regarding Writs of Garnishment ("Garnishment Order") at 2-3.)

With this stipulated Garnishment Order in place, the parties currently are litigating in Wayne County Circuit Court the issues relating to Plaintiff's entitlement to collect some or all of his $1.7 million judgment from UAF's revenues and assets. In the course of these proceedings, Plaintiff evidently has sought to raise questions as to whether Defendant is the alter ego of UAF or is otherwise subject to successor liability for the state court judgment entered against UAF. Defendant, however, has apparently taken the position that these alter ego and successor liability issues are not properly before the state court.

To protect against the possibility that the state court might elect not to address these questions in the ongoing post-judgment proceedings, Plaintiff commenced the present suit in Wayne County Circuit Court on January 16, 2008, asserting that Defendant should be held liable for the $1.7 million joint-and-several judgment against UAF as the alter ego of UAF, under a corporate veil-piercing theory, or by virtue of having assumed UAF's liability through its actions and agreements. Defendant removed the case to this Court on February 8, 2008, citing diversity of citizenship between the parties.

As noted at the outset, each party presently has a motion pending before the Court, and each party is urging — albeit on different grounds and for different purposes — that this case should not proceed on an ordinary litigation path in its current federal forum. In

5

its motion, filed in lieu of an answer to the complaint, Defendant argues that this action should be dismissed or stayed in accordance with the state court's Garnishment Order, through which Plaintiff is barred (for the time being) from undertaking any enforcement of the state court judgment against the current or former assets of UAF. For his part, Plaintiff moves for a remand to the Wayne County Circuit Court in accordance with the abstention principles articulated in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S. Ct. 1236 (1976).

### III. ANALYSIS

**A.     The Standards Governing the Parties' Motions**

Defendant's motion has been brought under Fed. R. Civ. P. 12(b)(6).[2] When considering a motion to dismiss under this Rule for failure to state a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to Plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). While this standard is "decidedly liberal," it nonetheless "require[s] more than bare assertions of legal conclusions." *Bredesen,* 500 F.3d at 527. Rather, Plaintiff's allegations, while "assumed

---

[2]In his response to Defendant's motion, Plaintiff suggests that this motion must be decided under the standards of Fed. R. Civ. P. 56 because Defendant has provided and relied upon materials outside the four corners of the complaint — namely, the state court's Garnishment Order. Yet, a court does not exceed the permissible bounds of Rule 12(b)(6) by considering records and orders from other judicial proceedings, particularly where the complaint itself makes reference to these other proceedings. *See Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), *overruled in part on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002); *see also Cleveland Industrial Square, Inc. v. White,* No. 94-3154, 1995 WL 154912, at *4 (6th Cir. Apr. 6, 1995).

to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." 500 F.3d at 527. "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." 500 F.3d at 527.

Plaintiff's motion, in turn, seeks a remand of this case to state court under the abstention doctrine addressed in the Supreme Court's *Colorado River* decision. As the Court explained in that case, the doctrine of abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River,* 424 U.S. at 813, 96 S. Ct. at 1244. In deciding whether the form of abstention recognized in *Colorado River* should be invoked here, this Court may not rely "on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 16, 103 S. Ct. 927, 937 (1983).

**B.**     **Regardless of the Availability of *Colorado River* Abstention, Plaintiff Has Failed to Identify a Basis for Remanding This Case to State Court.**

Although Plaintiff's motion rests on the doctrine of *Colorado River* abstention, it is clear from this motion and Plaintiff's other submissions that this doctrine is merely a means to an end that he regards as important above all else — namely, remand of this case to the Wayne County Circuit Court, so that the issues and claims raised in the present complaint may be litigated along with the related matters currently under

consideration in the post-judgment proceedings in that court. Indeed, in the event that this Court were to conclude that a remand is not possible or appropriate, Plaintiff has stated a preference for an outright *dismissal* of this suit — albeit without prejudice — rather than the stay of proceedings that most commonly accompanies *Colorado River* abstention. (*See* Plaintiff's Reply Br. at 5 & n.11.)[3] Because the Court finds that a remand is unwarranted, it need not engage in the extensive multi-factor analysis that would be necessary to determine whether the *Colorado River* doctrine is applicable here. *See PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 206 (6th Cir. 2001) (identifying eight factors that a court must consider in a *Colorado River* abstention inquiry); *Kawecki ex rel. Marlowe v. County of Macomb,* 367 F. Supp.2d 1137, 1148-49 (E.D. Mich. 2005).

Assuming that *Colorado River* abstention were appropriate here, the Court would then have to determine how best to effectuate the principles underlying this doctrine. In most cases, once a court has determined that *Colorado River* abstention or some other abstention doctrine applies, it must choose between dismissal without prejudice or a stay pending the outcome of the parallel state court proceeding. *See Kawecki,* 367 F. Supp.2d at 1149. Because this suit was not commenced in this Court, but instead was removed from state to federal court, Plaintiff argues by analogy that the Court may (and should) elect to remand this case as the functional equivalent of a dismissal without prejudice.

Be that as it may, the Court readily concludes that a stay, and not dismissal, would

---

[3]The Court returns below to Plaintiff's request for dismissal without prejudice as his suggested alternative to remand.

be the appropriate course of action if the conditions for *Colorado River* abstention were satisfied here. First and foremost, the Sixth Circuit has held, albeit in an unpublished decision, that a stay of proceedings is not only "the general practice," but is in fact "the best way to effectuate *Colorado River* abstention." *Bates v. Van Buren Township,* No. 03-2258, 122 F. App'x 803, 808-09 (6th Cir. Dec. 6, 2004). The court explained:

> Functionally, the difference between a stay and dismissal without prejudice is small, but staying the proceedings does offer a few advantages. Although not an issue in this case, it will prevent statute of limitations problems. Requiring refiling also imposes small, but non-zero, costs and delays upon the plaintiff. A stay of proceedings is also more efficient from the court's point of view, since the post-abstention case would stay with the original judge, who is familiar with the case, rather than be assigned a new judge. An indefinite stay of proceedings also imposes no additional burden to the court. We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.

*Bates,* 122 F. App'x at 809; *see also Crown Enterprises, Inc. v. Lambert,* No. 06-13206, 2006 WL 2844445, at *4-*5 (E.D. Mich. Sept. 29, 2006) (following *Bates* in entering a stay under *Colorado River* abstention principles).

This Court cited similar considerations in determining in *Kawecki,* 367 F. Supp.2d at 1149-50, that a stay was preferable to dismissal. In that case, which was brought in federal court, this Court observed that a stay would better ensure that the plaintiff could litigate in his preferred federal forum in the event that his federal claims were not resolved in the parallel state court proceedings. 367 F. Supp.2d at 1149. The Court further observed that a stay would "protect against the possible running of any applicable statute of limitations." 367 F. Supp.2d at 1150.

9

This same considerations would favor a stay of proceedings here. As in *Bates* and *Kawecki,* a stay of this case would obviate any statute of limitations concerns attendant to dismissal. In addition, a stay would avoid the cost of refiling in the event that the parallel state court proceedings do not resolve the claims and issues presented in this case. Such a refiling, in turn, would trigger the additional delays and burdens associated with Defendant's likely effort to remove this renewed suit to federal court.

To be sure, Plaintiff does not seek a dismissal, and his preferred course of action — a remand — seemingly would alleviate any concerns about the running of any statutes of limitations, the costs and other burdens of refiling, and the like, because a remand differs from a dismissal in all of these respects. Yet, Plaintiff overlooks one additional and important distinction between remand and dismissal — namely, the forum in which the case would be litigated. Just as this Court recognized in *Kawecki* that a stay would better respect the plaintiff's choice of a federal forum, a stay in this case would ensure that **Defendant's** preference for a federal forum is not unduly disturbed. In this crucial respect, remand and dismissal simply are not functionally equivalent.[4] Because a stay of

---

[4]Similarly, Plaintiff's disregard for Defendant's preference for a federal forum has led him to overlook another significant distinction between remand and dismissal. If this case were dismissed rather than remanded, and if Plaintiff subsequently elected to refile this suit following the conclusion of the state court proceedings, there is every reason to expect that Defendant would remove this renewed action to federal court. Given this likely outcome, the Court is puzzled by Plaintiff's stated preference for a dismissal without prejudice rather than a stay. Surely, the dismissal of this case will not improve the prospects for the result evidently sought by Plaintiff — *i.e.,* that the state court will reach and resolve the issues and claims he has raised in the present action. Whether this suit is stayed or dismissed, the state court remains equally free to choose this course of action as it deems appropriate.

this case would achieve the principal objective of *Colorado River* abstention — namely, the avoidance of piecemeal litigation with potentially inconsistent results, *see Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998) — while also preserving the statutory right of the out-of-state Defendant to have the claims against it heard and decided in a federal forum, the Court readily concludes that a stay would be preferable to a remand under the circumstances presented here.[5] It follows that Plaintiff is not entitled to the remand sought in his motion.

C. **The State Court's Garnishment Order Does Not Mandate the Dismissal of This Action, But the Purposes of This Order Are Best Served by a Stay of These Proceedings.**

Having denied Plaintiff's request for remand, the Court now turns to Defendant's request for dismissal. In support of this request, Defendant points to the language in the state court's August 14, 2007 Garnishment Order prohibiting Plaintiff from pursuing any "enforcement" of the state court's amended judgment "against the current or former assets of UAF in which [Defendant] claim[s] an interest." (Defendant's Motion to Dismiss, Ex. A, Garnishment Order at 3.) In Defendant's view, the present action constitutes precisely such a prohibited attempt to enforce the state court's judgment.

---

[5]Indeed, it is noteworthy that Plaintiff has failed to identify a single case — and neither has the Court's own research uncovered one — in which the application of *Colorado River* abstention resulted in a remand rather than a stay or dismissal. While the Supreme Court's decision in *Quackenbush v. Allstate Insurance Co.,* 517 U.S. 706, 731, 116 S. Ct. 1712, 1728 (1996), includes language acknowledging the power of the federal courts to "dismiss or remand cases based on abstention principles," it is worth noting that the district court in that case actually ordered such a remand, and that the Supreme Court affirmed the Ninth Circuit's reversal of this ruling. In any event, regardless of the circumstances that might warrant a remand rather than a stay, the Court is confident that no such circumstances are present here.

11

Although the question is a close one, the Court cannot agree. Nonetheless, the Court agrees with Defendant's alternative request for a stay of the proceedings in this case pending the resolution of the state court litigation, as this proposed stay both (i) comports with the parties' shared belief that this case should not go forward in this Court at this time, and (ii) is consistent with this evident purpose of the Garnishment Order — namely, to preserve the status quo while the state court resolves the parties' competing claims to the assets of UAF.

As noted earlier, the Garnishment Order was entered as a result of Plaintiff's effort to collect upon a joint-and-several state court judgment entered in his favor and against UAF and two other non-party corporations. In aid of this effort, Plaintiff secured the issuance of writs of garnishment against various customers of UAF. At the time, these customers were being serviced by Defendant in accordance with its agreement with the alleged owner of UAF's assets, Mass Financial, to purchase certain of these assets and to manage these assets until the sale was finalized. Mass Financial and Defendant have lodged objections to the writs of garnishment with the state court, arguing that their interests in UAF's assets and receivables are entitled to priority over Plaintiff's claim to these assets in light of Mass Financial's foreclosure upon these assets pursuant to a perfected security interest. These objections are the subject of ongoing post-judgment proceedings before the state court.

The state court entered the Garnishment Order pursuant to the stipulation of the parties, and the terms of this order evidently are intended to secure Plaintiff's opportunity

to collect upon the state court judgment while otherwise preserving the status quo during the post-judgment proceedings. In particular, this order requires Mass Financial to obtain a $2.75 million letter of credit that Plaintiff may draw upon if he presents a "final, non-appealable court order determining his entitlement to all or a portion of the amounts which the Letter of Credit secures." (Garnishment Order at 2.) In addition, the order enjoins Plaintiff from "issu[ing], undertak[ing], or continu[ing] any garnishment, attachment or other enforcement of the [state court judgment] against the current or former assets of UAF in which [Mass Financial] or [Defendant] claim an interest." (*Id.* at 3.) In support of its present motion to dismiss, Defendant argues that the present suit constitutes an impermissible effort to "enforce[]" the state court judgment "against the current or former assets of UAF," in violation of the state court's Garnishment Order.

The Court cannot agree. In the present suit, Plaintiff seeks to hold Defendant liable for the state court judgment against UAF, either as the alter ego of UAF, by piercing the corporate veil, or as a successor to UAF's liabilities. If Plaintiff succeeds under any of these theories, the result will be a new and separate judgment against Defendant, albeit in precisely the same amount as the judgment Plaintiff has obtained against UAF. This new judgment, in the Court's view, would be more properly construed as an ***alternative*** to the enforcement of the existing state court judgment against UAF, as opposed to a means of enforcing this existing judgment "against the current or former assets of UAF." Moreover, in enforcing this new and separate judgment against Defendant, Plaintiff presumably would not be limited to the "current or former assets of

13

UAF," but could collect the award from any of Defendant's available assets, whether derived from UAF or otherwise. Accordingly, it does not appear that the present suit runs afoul of the Garnishment Order's prohibition against "enforcement of the [state court judgment] against the current or former assets of UAF."

Admittedly, the Court's conclusion on this point is not free from doubt, and Defendant's argument to the contrary rests upon a tenable reading of the Garnishment Order. Happily, however, the alternative course of action proposed in Defendant's motion — a stay of these proceedings — obviates any concern that the Court's reading of the Garnishment Order might not be correct, while at the same time satisfying the desire of both parties that the state court be permitted to decide the issues before it without any interference from this related litigation  As noted earlier, both parties have requested in their motions that this Court defer to the rulings of the state court in the pending post-judgment proceedings — they merely differ on the mechanism by which this deference should be achieved. A stay of this case implements the parties' shared wishes on this point, and is wholly consistent with the spirit, at least, of the Garnishment Order, which requires Plaintiff to forgo enforcement of the state court judgment for the time being in exchange for a letter of credit that secures his opportunity to collect upon this judgment.

If the state court sustains Defendant's objections to the writs of garnishment that Plaintiff caused to be served upon UAF's customers, then Plaintiff will be free to pursue the alternative theories of liability asserted in the present suit — albeit in the federal forum preferred by Defendant. If, on the other hand, the state court overrules these

14

objections, then Plaintiff presumably will be free to enforce his existing state court judgment against UAF's assets, and he will have no apparent need to pursue any alternative theories of liability against Defendant. In either case, Plaintiff can continue his effort to raise the issues of alter-ego and successor liability in the state court proceedings, and he has expressed his confidence that this effort will succeed. (*See* Plaintiff's Reply Br. at 3 ("[T]hese issues can and will be litigated in Wayne County, regardless of what the outcome is on the Motions pending before this Court.").)[6] Under these circumstances, it makes eminent sense for this Court to await the outcome of the state court's post-judgment proceedings before allowing this case to go forward.

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's March 10, 2008 motion to remand is DENIED. IT IS FURTHER ORDERED that Defendant's February 19, 2008 motion to dismiss or to stay proceedings is GRANTED IN PART, to the extent that it seeks a stay, and is otherwise DENIED.

s/Gerald E. Rosen  
United States District Judge

---

[6] In light of this assurance, the Court fails to perceive the basis for Plaintiff's objection to a stay of this case, as opposed to a remand or even a dismissal. As noted earlier, so long as this case is stayed, the mere fact of its pendency seemingly is no obstacle to the state court's ability to reach one or more of the issues that Plaintiff has raised in both the state court proceedings and the present suit.

Dated: May 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2008, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager